UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80743-CIV-RYSKAMP/VITUNAC

RICHARD J. GOLDMAN, on behalf of
himself and all others similarly situated,

       Plaintiff,

v.

QUEST DIAGNOSTICS INCORPORATED,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

THIS CAUSE comes before the Court upon Defendant Quest Diagnostics Incorporated's Motion for a Protective Order **[DE 25]** filed on September 29, 2006. On October 12, 2006, Plaintiff filed his Response **[DE 28]**. Defendant filed a Reply **[DE 42]** on October 26, 2006. This Court granted Planitiff leave to file a Surreply **[DE 47]** on November 6, 2006. In a related filing, Plaintiff filed a Motion to Compel Defendant to Answer Plaintiff's First Set of Interrogatories **[DE 29]** on October 12, 2006. Defendant Responded **[DE 43]** on November 1, 2006. The Motions are now ripe for adjudication.

**I.    Introduction**

This is a class action brought against a provider of medical diagnostic and clinical testing services. *See* Compl. **[DE 1]**. Plaintiff has alleged that Defendant engaged in improper billing practices, which has resulted in customers paying Defendant amounts that are not legally owed to

Defendant. *Id.* at ¶ 14 *et seq.* Specifically, Plaintiff alleges that when Defendant enters into a contract with a health maintenance organization ("HMO") or insurance company to provide laboratory services, it becomes obligated to accept a discounted rate for services provided to the insurers' customers. *Id.* at ¶ 14. Plaintiff further alleges that Defendant regularly bills patients for the difference between the discounted rate and the amount ordinarily charged for the service rendered, in violation of Defendant's contracts with the patients' health plans and/or insurers. *Id.* at ¶ 18. In support of his claims, Plaintiff details three instances in which he was subject to the alleged improper billing practice by Defendant. *Id.* at ¶¶ 20-35. Plaintiff's Complaint alleges four counts: Violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (Count I); Breach of Contract (Count II); Money Had and Received (Count III); and Unjust Enrichment (Count IV).

Defendant now seeks the entry of a Protective Order against the Plaintiff to stop Plaintiff from contacting Defendant's employees, at home, and asking questions related to Defendant's billing practices. Defendant further requests that this Court require the Plaintiff to clarify its First Set of Interrogatories because its requests are burdensome and compliance would violate the right to privacy under Florida's Constitution.

**II.   Discussion**

Rule 26 of the Federal Rules of Civil Procedure provides for protective orders such that:

>(1) that disclosure or discovery not be had;
>
>(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
>(3) that the discovery may be had only by a method of discovery other than

> that selected by the party seeking discovery; [and]
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters....

Fed. R. Civ. P. 26(c).

Rule 26(c) protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense", but not from mere inconvenience. *Id.* The party making such motion must show that "good cause" exists for the protective order. *Id.* In addition to good cause, the court must also satisfy itself that, on balance, the interests of those seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). The interests involved are confidentiality versus access to information. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2003).

First, Defendant requests protection against Plaintiff contacting its current employees. In response, the Plaintiff stated that it did not intend to contact any current employees, that it had procedures to safeguard against contacting current employees, that any contact with current employees was inadvertent, and that they had never conducted an interview with any current employees. Defendant then stated that it did intend to contact former employees only and would continue to contact former employees exclusively. Although Defendant did include affidavits of current employees who had been contacted by Defendant, these affidavits do not indicate that Plaintiff interviewed these individuals. Moreover, although Alston's affidavit states that the Plaintiff aimed to contact both current and former employees, Plaintiff denies that contention. This Court does, however, find that any ex parte interviews between Plaintiff and current

employees would not be proper and Plaintiff would be wise not to conduct such activity without first seeking permission from this Court. Simply because Plaintiff had inadvertent contact with a current employee does not mean that the contact is improper. Since Plaintiff states that he does not intend to conduct ex parte interviews with current employees, he never attempted to conduct interviews with current employees, and he has never conducted an *ex parte* interview with a current employee, a protective order is not necessary.

Although not included in the original Motion, Defendant, in his Reply, requests that this Court enter a protective order regarding Plaintiff's contact with former employees. Defendants concerns include confusion regarding the term balancing billing, harassment of former employees, Plaintiff's failure to ask interviewees if they are represented by counsel, and disclosure of confidential and privileged information. In order to address all of its concerns, Defendant argues that this Court should require Plaintiff to follow the interview method required in *NAACP*, at 1340. Additionally, Defendant requests that this Court require Plaintiff to (1) supply Defendant with a list of any employees it has already contacted so that Defendant can determine if any privileged or confidential information has already been disclosed; (2) explain what it means by "balance billing" during an interview; and (3) that Plaintiffs be allowed only three chances to contact an individual before they must stop attempting to make contact. Alternatively, Defendant requests that this Court enjoin Plaintiff from any *ex parte* communications with former employees.

Rule 4-4.2 of the Florida Rules of Professional Conduct regulates an attorney's communication with a person who is represented by counsel. Communication by an attorney for one party with persons having "managerial responsibility on behalf of the organization", with any person "whose act or omission in connection with that matter may be imputed to the

4

organization", and with any person who is represented by counsel concerning the matter in question is prohibited. *NAACP v. State of Florida Dept. Of Corrections*, 122 F.Supp.2d 1335, 1339 (M.D. Fla. 2000). Counsel is not forbidden from having *ex parte* contact with former employees of an organization. *Id*. Whether the former employees that are targeted for interviews were low-level employees or were high-level employees that would likely know confidential and privileged information matters. Since, as recognized by the NAACP Court, some low-level employees might have access to confidential and privileged information and since Plaintiff has already attempted to contact high-level employees, this Court agrees that certain safeguards should be in place to protect all parties interests. *NAACP*, at 1340 (recognizing that a former employee might have been exposed to "privileged or confidential communications, participated in decision-making activities, and/or worked with the attorneys representing the defendant"). To that end, this Court agrees with the Defendants that the procedural safeguards established in the *NAACP* case would be appropriate here. In addition to its current procedures, Plaintiff must also:

(1) identify themselves as the attorney representing the Plaintiffs in this lawsuit and specify the purpose of the contact immediately upon contacting defendant's former employees;

(2) determine whether the employee is currently employed with Defendant, was a high-level employee, or is represented by counsel. If so, the interview must end;

(3) inform the former employee that s/he may decline to participate in the interview and may have counsel present for the interview be it personal or Defendant's counsel;

(4) inform the former employee that s/he must not disclose privileged material. Plaintiff cannot attempt to solicit privileged information and if the interviewee attempts to divulge privileged information, the interview must stop;

(5) create and keep a list of all former employees that were contacted, date and length of the interview and the content of the interview.

Any information or evidence gained during *ex parte* interviews of former employees cannot be used against the Defendant as a binding admission by party opponent as a statement by the party's employee concerning a matter within the scope of the employment. Fed. R. Evid. 801(d)(2)(D).

Finally, Plaintiff must supply Defendant with a list of any employees it has already interviewed so that Defendant can determine if any privileged or confidential information has already been disclosed. In the Surreply, Plaintiff argued that he should not have to divulge the names of any parties that he has interviewed because it constitutes work product. Work product protects against the "disclosure of an attorney's mental processes and legal opinions; the critical question is the extent to which the information discloses an attorney's thought processes. The disclosure of the names and addresses of those individuals interviewed by Plaintiff's counsel will not reveal the 'mental impressions, conclusions, opinions, or legal theories of [Plaintiff's] attorneys'." *In re Theragenics Corp. Securities Litigation*, 205 F.R.D. 631, 634-35 (N.D. Ga. 631); *accord*, *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984)(holding that names and addresses of witnesses that have been interviewed is not privileged and is discoverable). Here Plaintiff's counsel need only provide Defendants with a list of those individuals that they have interviewed, it is not work product and therefore must be disclosed.

Plaintiff must also explain what it means by "balance billing" and explain the differences between how it defines the term as opposed to how the Defendant has defined the term during any *ex parte* interview. As to limiting the number of times Plaintiff can contact a former

employee, this Court declines to impose a limit. None of these employees are required to participate in an interview. As such, the former employee need only return the Plaintiff's call and state that s/he does not wish to participate in the interview. To the extent that Plaintiff has engaged in excessive calling of certain individuals or has badgered them to return calls, this certainly will not endear the Plaintiff's cause to these individuals, none of whom are required to answer Plaintiff's questions, and that individual need only tell the Plaintiffs that they do not wish to participate in any interview to stop all contact.

Second, Defendant seeks protection from answering Plaintiff's document requests in the First Set of Interrogatories and Plaintiff seeks to compel the Defendant to answer. The Defendant argues that it should not be made to answer because the requests violate its employee's privacy interests and that to answer the request is too burdensome. This Court holds that a protective order is not necessary and therefore compels the Defendant to answer.

Article I, § 23 of the Florida Constitution provides a right to privacy and states that "[e]very natural person has the right to be let alone and free from *governmental intrusion* into the person's private life except as otherwise provided herein." (emphasis added). Thus, this provision provides protection against government intrusions into privacy, a protection that does not apply when the government does not seek the documents. *Sparks v. Jay's A.C. & Refrigeration, Inc.*, 971 F.Supp. 1433 (M.D. Fla. 1997)(provision only applies to government intrusion); *Gilbert v. Sears, Roebuck and Co.*, 899 F.Supp. 597 (M.D. Fla. 1995)(provision does not create a cause of action against private persons). Thus, there is no privacy right implicated through Plaintiff's request. Thus, Defendant's remaining claim is that producing the documents constitutes an undue burden. That claim must be balanced against Plaintiff's interest in obtaining

7

meaningful discovery.

Defendant argues that answering the First Set of Interrogatories would be "extraneous, cumulative and extremely burdensome to produce" because the number of employees, both past and present, would be about 6,000. They included Arnold's affidavit which states that Defendant does keep records on past employees but that gathering that information would be burdensome because of the number of individuals involved. She also states that current employees may have changed positions while at the company and therefore it would be difficult to identify an individual who at one time fell within one of the categories but no longer does. To get this information they would have to restore and search through computer systems. Defendant also argues that Plaintiff does not need this information, that they will not be able to use it effectively because they only have nine depositions remaining, and that Plaintiff's counsel has not effectively used the information already given to him. Finally, Defendant argues that it has already identified persons within the company that can speak to the requested billing information, such as Gerald Diffley, the Corporate Director of Billing Compliance. Then Defendant cites *Coleman v. American Red Cross*, where the discovery request implicated nearly every document at the Red Cross national headquarters, a far cry from what is requested here.

In Response, and though its Motion to Compel, Plaintiff argues that the requests will be used to find potential witnesses. "The Interrogatories only seek those current and former Quest employees, during the Class period, who are likely to have information relevant to main issues in the Complaint." Plaintiff contends that the requests are narrowly tailored and request employees, during the class period, who were involved in billing, collection, refund, and customer complaints related to, as Plaintiff defines it, balance billing. Plaintiff also wrote an e-mail to Defendants

further explaining the intent and focus of the Interrogatory request so as to aid in production of the materials.  Finally, the request does ask for the contact information of each current and former employee, but Plaintiff has represented that Defendant need only list "in care of Quest" for current employees, thereby eliminating the dissemination of any personal information of Quest's current employees.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party."  The standard for discovery under Rule 26 is broader than that governing the admissibility of evidence at trial. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  *Scott v. Leavenworth Unified School Dist. No*. 453, 190 F.R.D. 583, 585 (D. Kan.1999).  This Court does not believe that the burden of answering the Interrogatories outweighs the presumption in favor of broad disclosure.  Moreover, this Court finds that the requested information is relevant.

Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED that Defendant Quest Diagnostics Incorporated's Motion for a Protective Order **[DE 25]** is DENIED except as to Plaintiff's contact with former employees where in the Motion is GRANTED in accord with the terms outlined above.. Plaintiff's Motion

to Compel Defendant to Answer Plaintiff's First Set of Interrogatories **[DE 29]** is GRANTED.

Defendant shall have fifteen days in which to respond to the First Set of Interrogatories.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 9 day of November, 2006.

       /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Paul J. Geller, Esq.
Maria H. Ruiz, Esq.