**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH**

Case No. 05-80743-CIV-RYSKAMP/VITUNAC

RICHARD J. GOLDMAN, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.

QUEST DIAGNOSTICS INCORPORATED,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DOCUMENTS AND DEPOSITIONS

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Documents and Depositions and Request for Expedited Briefing Schedule **[DE 62]** filed on December 6, 2006. This Court granted the request for an expedited briefing schedule **[DE 65]** on December 13, 2006. On December 15, 2006, Plaintiff responded **[DE 68]**. Defendant replied **[DE 69]** on December 19, 2006. The motion is now ripe for adjudication.

### I.    Introduction

The general facts of this case have been detailed in prior orders. The following facts are relevant to the instant dispute. In September, 2006, Plaintiff informed Defendant that Barbara Libbey, James Brogan, and Rhonda Hewitt were class members and may be named as class representatives. (Motion Ex. A). Defendant made document requests and served subpoenas on Libbey, Brogan, and Hewitt to take their depositions. Later, on November 30, 2006, Plaintiff

decided not to use Brogan or Hewitt as class representatives.  To protect Brogan and Hewitt from having to comply with the subpoena, Plaintiff filed an emergency motion for a protective order from this Court.  The protective order was granted **[DE 57]** with leave for Defendant to file a motion demonstrating the necessity of the depositions.  Defendant now seeks an order from this Court compelling the Plaintiff to produce documents responsive to Defendant's requests and to produce Libbey, Brogan and Hewitt for depositions.

**II.    Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party."  Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  *Scott v. Leavenworth Unified School Dist. No*. 453, 190 F.R.D. 583, 585 (D. Kan.1999).  A court can limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the proposed discovery in resolving the issues.  Rule 26(b)(2)(iii).

Under Rule 34(a), a party may request that another party produce documents in its possession so long as the documents are within the scope of Rule 26(b).  If the opposing party

objects to producing the documents, the party seeking production can file a motion to compel with the court pursuant to Rule 37.  The party opposing a motion to compel has the burden to show that the discovery is improper, unreasonable, or burdensome.  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).  When opposing the motion, a party must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden.  "The resisting party must make a particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request."  *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala, 1998).

**Discovery Regarding Libbey**

As an initial matter, this Court notes that it never issued a protective order regarding discovery from Libbey.  Additionally, Plaintiff noted in its response that it agreed to produce the requested information as to Libbey and is in the process of collecting the requested documents.  Moreover, it does not appear that Plaintiff disputes Defendant's attempt to depose Libbey.  As such, the only request in this Motion that applies to Libbey is a request to compel the production of documents and her deposition by a certain date as discovery closes in just a few days.  That request is granted.

**Discovery Regarding Brogan and Hewitt**

As to discovery from Brogan and Hewitt, a more complex analysis is necessary.  Discovery from absent class members is permitted but is significantly limited from the general discovery rules.  This is due to a tension in the law regarding whether absent class members are to be considered parties or non-parties to the litigation.  Although the Circuits disagree slightly on

how this tension should be resolved, it appears that the 11th Circuit conservatively allows discovery from absent class members.  *See*, *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986); *Cooper v. Pacific Life Ins. Co.*, WL 1866166 (S.D. Ga. 2005); *Collins v. International Dairy Queen*, 190 F.R.D. 629 (M.D. Ga. 1999); *In re Carbon Dioxide Industry Antitrust Litigation*, 155 F.R.D. 209 (M.D. Fla 1993).

The seminal cases in this area were developed by the 7th Circuit.  *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir. 1971); *Clark v. Universal Builders*, 501 F.ed 324 (7th Cir. 1974).  Those cases establish that in order to obtain discovery from absent class members, the party seeking discovery must show that the request (1) is not a tactic to reduce the class size or to take advantage of the class members; (2) is necessary; (3) does not require the assistance of technical or legal advices to understand; and (4) does not seek information that the defendant already knows.  *Clark*, at 340.

Most of the cases applying the above rule involve requests to serve interrogatories on absent class members.  Courts that denied those requests were concerned about voluminous interrogatories that would intimidate potential class members into withdrawing from the suit.  In *Cox*, the 11th Circuit applied the above standard in denying the interrogatory request for that very reason.[1]  *Cox*, at 1556-57.  Although this dispute does not concern an interrogatory request, the above standard is just as relevant because the risk of intimidation of potential class members is equally a concern when potential class members are asked, or ordered, to produce personal documents and to appear at depositions.

---

[1]That Court also declined to follow *Brennan* and *Clark* to the extent that those cases would allow a court to impose the discovery sanction of dismissal against absent class members.

Defendant argues that it seeks to obtain discovery and depose Brogan and Hewitt to assess whether Plaintiff can carry its burden to plead an ascertainable class.  This Court finds that Defendant has met its burden.

First, the discovery request does not appear to be a tactic to take advantage of Brogan or Hewitt nor reduce the class size.  Instead of asking to obtain documents from every identified class member, Defendant has sought discovery from only two.  This will provide the necessary information without overburdening the class as a whole.  Moreover, Plaintiff had already agreed to produce most of the requested documents.  It was not until Defendant filed the instant motion that Plaintiff argued that he should not have to produce the documents.  Finally, it is unlikely that Brogan or Hewitt will be taken advantage of as they are represented by Plaintiff's counsel.

Second the discovery is necessary.  Because the process for determining whether an individual qualifies to become a class member is a complicated process involving analysis of multiple documents, many of which are highly legal in nature, Defendant has a legitimate interest in understanding how each member determines that he or she is part of the class.  Likewise, a concern over whether this dispute is cognizable as a class action, due to the possibility that individual issues would overtake the litigation, is relevant to the defense of the case.

Third, Defendant has asserted that they intend to only ask simple questions to ascertain the necessary information.  Moreover, as Mr. Astley represents both individuals, any confusion should be quickly resolved.

Finally, although Defendant may already possess some of the requested documents, it does not know which documents Bogan and Hewitt used to determine their class status.  Nor does Defendant know the process used to determine their class status.

Plaintiff also argues that it does not have to produce any documents because those documents are in the control of third parties.  Defendant is correct that this Circuit defines control more broadly than mere physical possession to also include documents to which an individual has a legal right to obtain, such as bank or medical records.  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  Thus, to the extent that Plaintiff did not produce documents because they were in the control of third parties, Plaintiff is required to produce those documents.

### III.    Conclusion

Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Compel Documents and Depositions **[DE 62]** is GRANTED.  Plaintiff must produce the requested documents no less than two days before the depositions are scheduled.

It is further ORDERED AND ADJUDGED that discovery will be extended until January 12, 2006 so that the Parties can comply with this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of January, 2007.

               /s/ Kenneth L. Ryskamp
               KENNETH L. RYSKAMP
               UNITED STATES DISTRICT JUDGE

Copies provided:
Paul J. Geller, Esq.
Maria H. Ruiz, Esq.